**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LARRY WILLS**                                                                                       **PLAINTIFF**

**v.**                                           **4:10CV00021JMM**

**ARKANSAS DEPARTMENT OF**                                                       **DEFENDANTS**
**HUMAN SERVICES,** *et al.*

Pending before this court are Defendants Arkansas Department of Human Services's ("DHS") and Andrea Boozer's, Kathy Kiihnl's, Shelly and Mark Brown's, Michelle Knight's, and Jarred Algood's Motions to Dismiss and Shelly and Mark Brown's Motion for Sanctions. Plaintiff has filed his responses. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

For the reasons set forth below, the Motions to Dismiss are GRANTED and the Motion for Sanctions is DENIED.

Plaintiff brings his complaint alleging that (1) his civil rights have been violated under 42 U.S.C. § 1983 and under the Arkansas Civil Rights Act ("ACRA"); (2) the defendants have committed the tort of outrage; and (3) the defendants were negligent. The plaintiff seeks monetary damages as a result of losing custody of his daughter which he contends caused him severe physical harm and emotional distress

Case 4:10-cv-00021-JMM   Document 47   Filed 07/09/10   Page 2 of 5

*Factual Allegations*

Based upon the complaint and the court orders attached to defendant DHS's and defendant Boozer's motion, the following factual allegations have been considered by the Court.[1]

Kathy Kiihnl, a kindergarten teacher, saw a red mark on plaintiff's daughter's ("S.L.W.") face on November 8, 2007. Kiihnl reported the mark to the school principal. The school notified DHS which executed a seventy-two hour hold on S.L.W. and removed her from plaintiff's custody on that same day.

On November 13, 2007, an emergency order was entered by the Circuit Court of White County, Arkansas Juvenile Division ("White County Circuit Court") placing custody of S.L.W. with DHS. Then, a probable cause order was entered on December 5, 2007, by the White County Circuit Court finding probable cause that S.L.W. was dependent neglected. Based on its findings, the court determined that S.L.W. should remain in the custody of DHS.

On February 4, 2008, the White County Circuit Court issued an adjudication order finding evidence that S.L.W. had been abused by plaintiff. As a result, S.L.W. remained in the custody of DHS. On June 25, 2008, the plaintiff was found not guilty on criminal charges related to hitting S.L.W. On December 29, 2008, S.L.W. was returned to the custody of the plaintiff by the White County Circuit Court. On April 2, 2009, the White County Circuit Court closed the case.

Plaintiff brings this action against the DHS; Stephanie Foresee, individually and in her official capacity with the DHS and White County Children and Family Services; Alisa Wingler,

---

[1]*See Johnson v. United States*, 534 F.3d 958 (8th Cir. 2008) (trial courts may allow affidavits and other documents to resolve disputed subject matter jurisdictional facts under Rule 12(b)(1)).

individually and in her official capacity with the DHS; Andrea Boozer, individually and in her official capacity as director of the White County DHS; Jarred Algood, representative of the court appointed special advocates; Shelly and Mark Brown, individually and in their official capacities as a foster home providers for the DHS; Michelle Knight, plaintiff's ex-spouse; Kathy Kiihnl, S.L.W.'s teacher; and John Does 1-10.

*Analysis*

Plaintiff alleges that the DHS, and Foresee and Wingler, in their official and individual capacities, deprived him of his constitutionally protected rights in violation of §1983 when they (1) seized his child from him; (2) searched his home without a warrant; (3) prevented him from raising his family without adequate due process; (4) placed S.L.W. in a car and drove off without having a car sear for the child; and (5) would not return S.L.W. unless plaintiff admitted to striking her.

The Eleventh Amendment bars § 1983 claims against the State of Arkansas and its agencies. *See Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). This Eleventh Amendment protection also extends to state officials when the state is the real party in interest. *Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 446 (8th Cir. 1995). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not bar claims for persons sued in their officials capacity for § 1983 actions when equitable relief is sought. *Murphy*, 127 F.3d at 754 (citing *Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996)).

The DHS is a state agency, and Foresee and Wingler are state officials. Thus, plaintiff's § 1983 claims for money damages against the DHS, and Foresee and Wingler in their official capacities are barred by the Eleventh Amendment. Wills does not seek any equitable remedy against Foresee or Wingler which results in there being no claims against these defendants in their official capacities. The remaining § 1983 claims would be against Foresee and Wingler in their individual capacities; however, these claims have been dismissed without prejudice for failure of service of process.[2]

*Arkansas Civil Rights Act, Outrage, and Negligence Claims*

The remaining claims against the defendants are state claims based upon the tort of outrage, negligence, and the Arkansas Civil Rights Act ("ACRA"). The Court declines to exercise supplemental jurisdiction over these state claims. *See* 28 U.S.C. § 1367(a)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). These claims are dismissed without prejudice.

---

[2]To the extent that plaintiff is bringing § 1983 claims against any of the other defendants, those claims are dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. While plaintiff makes references in his § 1983 claim to unnamed representatives of the Arkansas Department of Human Services, there are no specific allegations against any other of the defendants except DHS, Foresee, and Wingler. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 570 (2007) (to survive motion to dismiss for failure to state claim, complaint must contain enough facts to state claim to relief that is plausible on its face).

*Motion for Sanctions*

Defendants Shelly and Mark Brown seek Rule 11(b) sanctions against the plaintiff Larry Wills. The Browns request they be awarded their costs and attorney's fees. A legal claim should not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). A finding of bad faith is required to assess attorney's fees. *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 751 (8th Cir. 2004). The Court finds that claims were not made in bad faith. Defendants Shelly and Mark Brown's Motion for Sanctions is denied.

*Conclusion*

The Motions to Dismiss filed by DHS and Andrea Boozer, Kathy Kiihnl, Shelly and Mark Brown, Michelle Knight, and Jarred Algood are GRANTED (Docket #11, #14, #17, #23, #25). The § 1983 claims against DHS and Foresee and Wingler in their official capacities are dismissed with prejudice. The § 1983 claims against Foress and Wingler in their individual capacities have been dismissed without prejudice. Plaintiff's Arkansas Civil Rights Act, outrage, and negligence claims are dismissed without prejudice.

The Motion for Sanctions filed by Shelly and Mark Brown is DENIED (Docket # 20).

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED this   9   day of July 2010.

                                  James M. Moody
                                  U.S. District Judge